O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON KARSIN, an individual; RONALD KARSIN, an individual,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MORTON C. DEVOR, an individual, ZAHIDI 40 FARMS ASSOCIATES, a California general partnership,<br><br>　　　　　　Defendants. | Case No. CV 12-10715 DDP (AJWx)<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

　　　Presently before the court is Plaintiffs' ex parte Application For a Temporary Restraining Order ("TRO"). Having considered the submissions of the parties and held a telephonic hearing, the court denies the application and adopts the following order.

**I.　Background**

　　　On December 14, 2012, Plaintiffs filed a complaint against their former counsel, Defendant Morton Devor, and Devor's partnership, Defendant Zahidi 40 Farms Associates. Plaintiffs allege that several ethical breaches and instances of self-dealing on Devor's part.

As relevant here, Plaintiffs allege that Defendant Devor helped establish Trust No. 1, of which Plaintiffs and non-party Holly Getlin are beneficiaries. (Complaint ¶ 20.) Plaintiffs further allege that Devor represented Getlin, who purported to be Trustee of Trust No. 1, in Trust No. 1's acquisition of two medical buildings in Ventura county. (Id. ¶ 22(e)). Devor and Getlin agreed that Trust No. 1 would acquire a 90% interest in one of the buildings ("the Building" and Devor's partnership, Zahidi, would acquire the other 10%. (Id. ¶ 21.) Though Zahidi only acquired a 10% interest in the building itself, Zahidi obtained a 25% interest in the profits and losses from the building. (Id. ¶¶ 21, 23, 24.)

At some point in 2012, Trust No. 1 entered into an agreement to sell the Building.[1] Escrow was set to close on December 21, 2012. (Application at 4.) On December 17, 2012, four days before the close of escrow, Plaintiffs filed this application for a TRO, seeking to establish a constructive trust over Zahidi's portion of the sale proceeds, as well as injunctive relief preventing Zahidi or Devor from depleting their share of the proceeds.[2]

---

[1] The exact date of the execution of the sales agreement is unclear from the record, the buyer approved the agreement on November 30, 2012. (Declaration of Gordon Karsin, Ex. F.) Trust No. 1 and Zahidi provided tenants with a notice of intent to sell the Building in October 2012. (Declaration of Morton Devor, Ex. 3.)

[2] The court held a lengthy telephonic status conference on December 18, 2012. As reflected on the record of that hearing, the court ordered all parties to file any position papers by the close of business on December 19, 2012 and to immediately inform the court of any future changes to the escrow schedule. The parties did not comply with either of these orders. Though the escrow deadline has apparently been extended to December 31, the parties did not contact the court to apprise it of that fact. Nor did any party file a brief by December 19, 2012. Though all parties subsequently filed papers, no party has sought, let alone received,
(continued...)

**II. Legal Standard**

A temporary restraining order is meant to be used only in extraordinary circumstances. To establish entitlement to a TRO, the requesting party must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Defense Counsel, 555 U.S. 7, 20 (2008). A TRO may be warranted where a party (1) shows a combination of probable success on the merits and the possibility of irreparable harm, or (2) raises serious questions and the balance of hardships tips in favor of a TRO. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. Under both formulations, however, the party must demonstrate a "fair chance of success on the merits" and a "significant threat of irreparable injury."[3] Id.

**III. Discussion**

Plaintiffs have failed to show that they are likely to succeed on the merits. As discussed on the record, it is unclear to the court whether Plaintiffs have standing to pursue the relief they

---

[2](...continued)
a continuance or leave to file after the expiration of the court-imposed deadline.

[3] Even under the "serious interests" sliding scale test, a plaintiff must satisfy the four Winter factors and demonstrate "that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

3

seek and whether Trust No. 1 is a necessary party to this action. See Fed. R. Civ. P. 19(a)(1). Plaintiffs assert that they have standing, and that Trust No. 1 need not be joined because "[n]o relief sought by Plaintiff involves Trust No. 1" and because Plaintiffs "assert their own personal claims, not claims on behalf of Trust No. 1." (Reply at 4, 8.) Plaintiffs argue that "[c]omplete relief would be the restoration of the 10% ownership interest held by Devor/Zahidi (<u>not</u> Trust No. 1's 90%) to Plaintiffs . . . ." (Reply at 4 (emphasis original).)

It does not appear, however, that the 10% interest in the Building could possibly be <u>restored</u> to Plaintiffs because Plaintiffs as individuals did not ever own any interest in the building. The Complaint alleges that Trust No. 1 acquired the Building as part of a land exchange involving Namco Exchange Corporation as accomodator. (Complaint ¶20(e).) The Complaint further alleges that Devor and the purported Trustee agreed that Zahidi would acquire a 10% interest in the building. In the absence of any allegation that Plaintiffs ever owned any interest in the Building, Plaintiffs have not shown that they are likely to recover such an interest.

Nor have Plaintiffs demonstrated that they are likely to suffer irreparable harm in the absence of a TRO. Plaintiffs waited until four days prior to the close of escrow to seek injunctive relief. While the Application is somewhat unclear as to when the multi-million dollar sales agreement was executed, the sale is referenced in Plaintiffs' earlier-filed complaint, and Plaintiffs were informed of the potential sale of the Building as early as October 21. (Devor Opp., Ex. 5.) Plaintiffs' unexplained delay in

1  seeking a TRO calls into question their current claims of
2  irreparable harm.  Furthermore, Plaintiffs do not seek to enjoin
3  the sale of the Building, but only to obtain Zahidi and Devor's
4  allegedly undeserved portion of the sale proceeds.  Monetary injury
5  alone, however, is generally not irreparable.  <u>Los Angeles Memorial</u>
6  <u>Coliseum Comm'n v. Nat'l Football League</u>, 634 F.2d 1197, 1202 (9th
7  Cir. 1980).

**IV. Conclusion**

   For the reasons stated above, Plaintiffs <u>ex parte</u> Application
for a TRO is DENIED.

IT IS SO ORDERED.

Dated:  December 27, 2012

DEAN D. PREGERSON
United States District Judge